**United States District Court**
For the Northern District of California

1

2                          IN THE UNITED STATES DISTRICT COURT

3                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6    MICHAEL L. OKSNER, et al., individually and
     on behalf of all others similarly situated

7                 Plaintiffs,                          No. C 07-2273 SBA

8          v.                                          **ORDER**
                                                       [Docket No 12]
9    MARION C. BLAKEY, Administrator, Federal
10   Aviation Administration; JON JORDAN;
     NICHOLAS LACEY; FREDERICK E.
11   TILTON;
     the UNITED STATES OF AMERICA; and
12   DOES 1-100,

13                Defendants.

14   _____

15

16          This matter comes before the Court on Defendants' Motion to Dismiss [Docket No 12]. Having

17   read and considered the arguments presented by the parties in the papers submitted to the Court, the

18   Court finds this matter appropriate for resolution without a hearing.  For the reasons set forth below, the

19   Court hereby grants Defendants' Motion to Dismiss.

20                                      **BACKGROUND**

21   **I.      The Age 60 Rule**

22          The Federal Aviation Act of 1958 directs the FAA to "promote safe flight of civil aircraft in air

23   commerce." 49 U.S.C. § 44701(a). The FAA "shall carry out [its duties] in a way that best tends to

24   reduce or eliminate the possibility or recurrence of accidents in air transportation" and shall consider

25   "the duty of an air carrier to provide service with the highest possible degree of safety in the public

26   interest." *Id.* § 44701(c), (d)(1)(A). The FAA must implement that mandate by prescribing "regulations

27   in the interest of safety for the maximum hours or periods of service of airmen and other employees of

28   air carriers" and by establishing "minimum safety standards" for air carriers. *Id.* § 44701(a)(4), (b)(1).

United States District Court
For the Northern District of California

1    Pursuant to the Federal Aviation Act, in 1959 the Federal Aviation Administration ("FAA")

2    promulgated the "Age 60 Rule," which provides that "[n]o certificate holder may use," and "[n]o person

3    may serve as," "a pilot on an airplane engaged in operations under [14 C.F.R. pt. 121] if that person has

4    reached his 60th birthday." 14 C.F.R. § 121.383(c).  The FAA adopted the Age 60 Rule because of

5    concerns about the danger posed to the public if the pilot of a large commercial aircraft suddenly became

6    incapacitated. See 24 Fed. Reg. 5248 (June 27, 1959). In that rulemaking, the FAA found "that there is

7    a progressive deterioration of certain important [physiological] and psychological functions with age,

8    that significant medical defects attributable to this degenerative process occur at an increasing rate as

9    age increases, and that sudden incapacity due to such medical defects becomes significantly more

10   frequent in any group reaching age 60." 24 Fed. Reg. 9767 (Dec. 5, 1959). It also found that such

11   incapacity cannot be predicted accurately. *See id.* Given the high risks at stake, the FAA decided to

12   prohibit persons from piloting large commercial aircraft after reaching age 60. *See id.* at 9768.

13   **II.      The Instant Lawsuit**

14   Plaintiff Michael Oksner brings this class action on behalf of himself and other allegedly

15   similarly situated pilots (collectively "Plaintiffs") against the United States and four individual federal

16   officials (collectively "Defendants"), challenging the Age 60 Rule.  Compl. ¶ 5.  In their first cause of

17   action, plaintiffs allege the Rule violates their Fifth Amendment equal protection rights. *Id.* ¶ 44.  Their

18   second cause of action alleges that the FAA's enforcement of the Rule is actionable under the Federal

19   Tort Claims Act ("FTCA") and violates Plaintiffs' constitutional rights under the *Bivens* doctine. *Id.*

20   ¶¶ 55-56, 59.  In their third and final cause of action, Plaintiffs allege the Rule constitutes interference

21   with their prospective economic relations. *Id.* ¶ 58.  As relief, Plaintiffs seek a declaration that the Age

22   60 Rule is invalid, an injunction prohibiting future enforcement of the Rule, and money damages in the

23   form of "wages lost as a consequence of enforcement of the age 60 rule" and punitive damages. *Id.* ¶¶

24   5, 59.

25   Defendants have moved to dismiss the complaint, arguing lack of subject matter jurisdiction,

26   failure to exhaust administrative remedies, failure to state a claim or establish jurisdiction under the

27

28

2

FTCA, failure to state a *Bivens*[1] claim, and lack of personal jurisdiction over the individual defendants.

**LEGAL STANDARDS**

**I.      Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987, *as amended by* 275 F.3d 1187 (9th Cir. 2001)("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**II.     Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for

---

[1]A " Bivens action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stanley v. Gonzales*, 476 F.3d 653, 657 (9th Cir. 2007).

United States District Court
For the Northern District of California

1  lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Federal Rule

2  of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the

3  motion."  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  "'A

4  plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence

5  of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect

6  called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected

7  by amendment.'"  *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).  In adjudicating such

8  a motion, the court is not limited to the pleadings, and may properly consider extrinsic evidence.  *See*

9  *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

10  **III.    Personal Jurisdiction**

11          Federal Rule of Civil Procedure 12(b)(2) provides the district court with the authority to dismiss

12  an action for lack of personal jurisdiction.  *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280,

13  1285 (9th Cir. 1977).  Where the defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears

14  the burden of proving personal jurisdiction; he cannot simply rest on the bare allegations of the

15  complaint. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

16          In order to withstand a motion to dismiss for lack of personal jurisdiction in the initial stages of

17  litigation, however, the plaintiff need only "make, through [his] pleadings and affidavits, a prima facie

18  showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

19  "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the

20  defendant."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  In ruling on a Rule 12(b)(2)

21  motion, the pleadings are to be viewed in a light most favorable to plaintiff and all doubts are to be

22  resolved in his favor. *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 n.1 (9th Cir.

23  1995).

24                                          **ANALYSIS**

25          It should be noted from the outset that the issue of the validity of the Age 60 Rule is hardly one

26  of first impression. The Age 60 Rule has been  repeatedly challenged throughout the nearly 50 years of

27  its existence and has repeatedly withstood such challenges. The Second Circuit rejected a challenge filed

28  immediately after the rule was promulgated, concluding the Rule had "considerable support" and was

United States District Court
For the Northern District of California

a reasonable exercise of the FAA's authority to protect public safety. *Air Line Pilots Ass'n, Int'l v. Quesada*, 276 F.2d 892, 898 (2nd Cir. 1960). In 1974, the D.C. Circuit upheld the FAA's decision to retain the rule, reasoning that the FAA's denial of a petition to revoke the rule was reasonable "[g]iven the inconclusiveness of appellants' evidence and the existence of contrary views." *O'Donnell v. Shaffer*, 491 F.2d 59, 63 (D.C. Cir. 1974) (footnotes omitted).

In 1995, after reviewing an extensive administrative record and recent studies, the FAA determined it would not be appropriate to change or repeal the Age 60 Rule because "the concerns regarding aging pilots and underlying the original rule have not been shown to be invalid or misplaced." 60 Fed. Reg. 65,977, 65,980 (1995). The D.C. Circuit again upheld the FAA's decision, finding it was not arbitrary and capricious, and did not violate the ADEA. *See Professional Pilots Fed'n v. Federal Aviation Admin.*, 118 F.3d 758, 770 (D.C. Cir. 1997).

In addition, several courts of appeals – including the Ninth Circuit – have upheld the FAA's denial of pilots' petitions for individual exemptions from the rule. *See, e.g., Keating v. Federal Aviation Admin.*, 610 F.2d 611 (9th Cir. 1979); *Yetman v. Garvey*, 261 F.3d 664 (7thCir. 2001); *Baker v. Federal Aviation Admin.*, 917 F.2d 318 (7th Cir. 1990); *Gray v. Federal Aviation Admin.*, 594 F.2d 793 (10thCir. 1979); *Rombough v. FAA*, 594 F.2d 893 (2nd Cir. 1979); *Starr v. Federal Aviation Admin.*, 589 F.2d 307 (7thCir. 1978). The pilots identified reports, studies, and other evidence allegedly demonstrating that the current level of air safety could be maintained even if the pilots were permitted to fly commercial planes after age 60. In each such appeal, the court found the pilots failed to satisfy their burden and upheld the FAA's denial of the exemption requests. *See Keating*, 610 F.2d at 613; *Yetman*, 261 F.3d at 668; *Baker*, 917 F.2d at 322-3; *Gray*, 594 F.2d at 795; *Rombough*, 594 F.2d at 899-900; *Starr,* 589 F.2d at 314.

Thus, the instant lawsuit is yet another attempt in a long line of universally unsuccessful attempts to challenge the Age 60 Rule.

## I.    Violation of Fifth Amendment Equal Protection Rights

In their first cause of action, Plaintiffs allege the Age 60 Rule violates their Fifth Amendment equal protection rights.  Compl. ¶ 44.  Defendants move to dismiss this claim on two primary grounds: 1) the Age 60 Rule is an "order" within the meaning of the Federal Aviation Act and therefore, pursuant

to 49 U.S.C. § 46110(a), only the courts of appeal, and not the district courts, have jurisdiction to hear

any challenge to it; and 2) even if the Age 60 Rule is not an order, Plaintiffs' claims are time barred.

### A.    Jurisdiction under Section 46110

The Federal Aviation Act vests the court of appeals with exclusive jurisdiction over challenges

to FAA orders:

> a person disclosing a substantial interest in an order issued by . . . the
> Administrator of the Federal Aviation Administration with respect to
> aviation duties and powers designated to be carried out by the
> Administrator. . . may apply for review of the order by filing a petition
> for review in the United States Court of Appeals for the District of
> Columbia Circuit or in the court of appeals of the United States for the
> circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110(a).  As used in this context, an "order" is "an agency decision which 'imposes an

obligation, denies a right, or fixes some legal relationship." *Atorie Air, Inc. v. Federal Aviation Admin.*,

942 F.2d 954, 960 (5ᵗʰ Cir. 1991). As stated by the Ninth Circuit:

> "Order" carries a note of finality, and applies to any agency decision which imposes an
> obligation, denies a right, or fixes some legal relationship. In other words, if the order
> provides a "definitive" statement of the agency's position, has a "direct and immediate"
> effect on the day-to-day business of the party asserting wrongdoing, and envisions
> "immediate compliance with its terms," the order has sufficient finality to warrant the
> appeal offered by section [46110].

*Crist v. Leippe*, 138 F.3d 801, 804 (9th Cir.1998) (quoting *Mace v. Skinner*, 34 F.3d 854, 857 (9th

Cir.1994)).

It is well settled that "review of any order of the [FAA] Administrator . . . must be taken in a

Court of Appeals." *O'Donnell v. Bond*, 510 F. Supp. 925, 928 (D.D.C. 1981).  "Specific grants of

exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district

courts."   *Carpenter v. Department of Transp.*, 13 F.3d 313, 316 (9th Cir. 1994); *accord*

*Telecommunications Rsrch. & Action Ctr. v. Federal Communic. Comm'n*, 750 F.2d 70, 77 (D.C. Cir.

1984). Moreover, consistent with the collateral attack rule, district courts lack jurisdiction over not only

direct challenges to FAA orders, but also damage claims that are "inescapably intertwined" with the

merits surrounding the order.  *Tur v. Federal Aviation Admin.*, 104 F.3d 290, 291-2 (9ᵗʰ Cir. 1997);

*Green v. Brantley*, 981 F.2d 514, 520-1 (11ᵗʰ Cir. 1993).

Defendants argue that this Court lacks subject matter jurisdiction to hear Plaintiffs' challenges

United States District Court
For the Northern District of California

to the Age 60 Rule because the Rule is a "final agency decision imposing obligations and restricting privileges on the basis of safety," and is therefore an FAA "order" falling within the exclusive jurisdiction of the court of appeals under Section 46110. Mot. at 6. Plaintiffs respond that the Age 60 Rule is actually a "rule" rather than an "order" as those terms are defined in the Administrative Procedures Act ("APA"), and therefore does not fall within the purview of Section 46110.[2] Plaintiffs reply principally on the definitions of "rule" and "order" found in the APA:

> (4) "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing;
> . . .
> (6) "order" means the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing;

5 U.S.C.A. § 551. Plaintiffs argue that under this definition, the Age 60 Rule is clearly a "rule" rather than an "order" because it: is a "statement of general…applicability" to U.S.-based airlines' pilots older than 59; is "of future effect," governing upon a pilot's 60th birthday and thereafter; and was "designed to implement [and] interpret" provisions of the Federal Aviation Act of 1958 and to "prescribe law or policy," as it pronounced a policy of grounding airline pilots older than 59. Moreover, according to Plaintiffs, the Age 60 Rule is not, in APA terms, a "final disposition…in a matter other than rule making;" as Plaintiffs put it: "The FAA's rule is a creature and subject of 'rule making,' not a matter

---

[2]Plaintiffs argue that they have previous brought essentially the same lawsuit before the D.C. Circuit, which Plaintiffs assert the court dismissed because plaintiffs were challenging a "rule" as opposed to an "order," implying that the court held that it did not have jurisdiction to hear the claims. *Butler v. F.A.A.*, 109 Fed. Appx. 438, 2004 WL 2203953 (D.C. Cir. 2004). Plaintiffs argue it would therefore be "Kafkaesque" for this Court to now dismiss these claims on the grounds that the Age 60 Rule is an "order" rather than a "rule." However, Plaintiffs mischaracterize the D.C. Circuit's holding in *Butler*: the Circuit court did not dismiss Plaintiffs' claims because the Age 60 Rule was a "rule." Rather, the court held that it was "plain from the petitioners' arguments before the agency and before the court that they initiated this proceeding in order to challenge directly the validity of the rule itself, *which is properly effected only through a petition for rulemaking* rather than a petition for exemption." *Id.* at *1 (emphasis added). As is clear from the court's holding, the court did not hold that it did not have jurisdiction to hear Plaintiffs' claims, rather it held that Plaintiffs were pursuing the wrong administrative procedure. The courts of appeals have exclusion jurisdiction over challenges to denials of petitions for rulemaking. *See* 49 U.S.C. § 46110(a); *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992).

'other than rule making.'" Thus, Plaintiffs argue, the Age 60 Rule fits the definition of a "rule" provided in the 5 U.S.C.A. § 551(4).

While neither side brings the case to Court's attention, the Second Circuit squarely addressed this issue in *Air Line Pilots Ass'n, Int'l v. Quesada*, 276 F.2d 892, 898 (2nd Cir. 1960). Responding to the pilots' contention that the Age 60 Rule was actually an "order," and therefore the FAA violated the pilots' due process rights by failing to conduct an adjudicative hearing in connection with adopting the rule, the court of appeal held:

> [The APA] defines a 'rule' as 'any agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy . . . The regulation before us [i.e., the Age 60 Rule] is just such a statement. It is directed to all the commercial airlines and to the more than 18,000 licensed commercial pilots. It looks to the future. It has the character of legislative enactment carried out on an administrative level . . .Promulgation of the age sixty limitation by the Administrator was . . .the formulation of a general rule to be applied to individual pilots at a subsequent time. We think the directive was properly issued in accordance with the rule-making requirements of § 4 of the Administrative Procedure Act.

*Id.* at 896. While they do not directly address *Quesada*, nothing in the Defendants' arguments suggests that the Second Circuit's resolution of this issue was erroneous, ill-considered, or has subsequently been overturned. Indeed, Defendants implicitly concede that the Age 60 Rule is in fact a "rule" by failing to even attempt to rebut Plaintiffs' arguments on this point. Accordingly, in light of the Second Circuit's clear holding in *Quesada*, this Court construes the Age 60 Rule as a "rule" rather than "order." Therefore, this Court is not divested of jurisdiction to hear Plaintiff's challenge to the rule under Section 46110.

**B.    Statute of Limitations**

Defendants argue in the alternative that, even if the Age 60 Rule is properly construed as a "rule" within the meaning of the APA, Plaintiffs' challenge is time-barred. Title 28 U.S.C. section 2401(a) imposes a 6-year limitations period on all civil actions filed against the United States, including actions brought pursuant to the APA for review of an agency action. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991); *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997); *P&V Enters. v. United States Army Corps of Eng'rs*, 466 F. Supp. 2d 134, 142 (D.D.C. 2006). The limitations period begins to run from the date of the final agency action.

8

1    *See Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, 266 F. Supp. 2d 1101, 1121 (N.D. Cal. 2003).

2         Pursuant to section 2401(a), a facial challenge to the validity of an agency's rule on the ground

3    that the agency exceeded constitutional or statutory authority in promulgating the rule must be brought

4    within six years after the rule's publication in the Federal Register. *See Wind River*, 946 F.2d at 715;

5    *Dunn-McCampbell*,, 112 F.3d at 1287; *P&V Enter.*, 466 F. Supp. 2d at 142. After the six-year

6    limitations period has expired, a challenge to the validity of an agency's rule can only be attacked in two

7    ways: (1) through an "as-applied" challenge requesting judicial review of the agency's adverse

8    application of the rule to the particular challenger, or (2) by petitioning the agency for amendment or

9    rescission of the rule and then appealing the agency's decision. *See Wind River*, 946 F.2d at 715; *P&V*

10   *Enter.*, 466 F. Supp. 2d at 142.

11        Here, Plaintiffs bring neither an "as-applied" challenge nor an appeal from any FAA decision.

12   As Plaintiffs clarify in their Opposition, Plaintiffs "bring this action to challenge the constitutionality

13   of the age 60 rule" itself, not as a challenge of the FAA's application of the Rule to individual Plaintiffs.

14   Opp. at 2, 10; *see also* Compl. ¶ 2. This is in accord with the D.C. Circuit's holding in *Butler* that,

15   because the Plaintiffs failed to present any evidence or argument relating to the FAA's failure to grant

16   them individual exemptions to the Age 60 Rule (and thus failed to properly allege any "as-applied"

17   challenge to the Rule), Plaintiffs' claim was "properly effected *only* through a petition for rulemaking."

18   *Butler*, 2004 WL 2203953 at *1 (emphasis added). Plaintiffs have not petitioned the FAA for a

19   rulemaking, and, even if they had, the review of a denial of such petition would be within the exclusive

20   jurisdiction of the courts of appeal. *See* 49 U.S.C. § 46110(a); *Clark v. Busey*, 959 F.2d 808, 811 (9th

21   Cir. 1992).

22        Accordingly, while Section 46110 does not divest this Court of jurisdiction to hear Plaintiffs'

23   challenge to the Age 60 Rule, Plaintiffs' challenge is nevertheless time-barred. Plaintiffs' first cause of

24   action is therefore dismissed.

25   **II.    Federal Tort Claims Act and *Bivens* Claims**

26        In their second cause of action, Plaintiffs allege that the Defendants' enforcement of the Age

27   60 Rule is actionable under the Federal Tort Claims Act ("FTCA") and the *Bivens* doctine. Compl. ¶¶

28   55-56.

9

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    The Federal Tort Claims Act Claim

Plaintiffs' claim pursuant to the FTCA is premised upon their allegations in their third cause of action for interference with prospective economic advantage. *See* Opp.n at 11. Defendants contend that Plaintiffs cannot sustain a cause of action pursuant to the FTCA because they have failed to exhaust their administrative remedies. The FTCA provides an exception to the principle of sovereign immunity which generally shields the United States from lawsuits. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). As a jurisdictional prerequisite, however, a plaintiff must first submit the claim to the appropriate federal agency within two years of accrual of the cause of action and await a final denial of the claim by the reviewing agency. 28 U.S.C. §§ 2401(b), 2675. Neither plaintiffs' Opposition nor their proposed First Amended Complaint include any allegation that plaintiffs have presented their claim to the FAA. Rather, Plaintiffs contend that the pursuit of such remedies would be futile. *See* Opp'n at 9-10.

The FTCA's exhaustion requirement "is jurisdictional in nature and *may not be waived*." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985) (emphasis added). The Ninth Circuit has "repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly . . . *It admits of no exceptions*." *Vacek v. U.S. Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir.2006) (emphasis added). Moreover, the FTCA's claim requirement is distinct from other requirements for, or exemption from, exhaustion related to judicial review of an FAA order or rule. *See*, *e.g.*, 28 U.S.C. § 2675(a), 49 U.S.C. § 46110(a), 14 C.F.R. §§ 13.5, 13.20, 13.31 *et seq.* Thus, regardless of whether it would be futile to pursue administrative remedies, Plaintiffs were required to exhaust administrative remedies with respect to their FTCA claim before filing suit in this Court. Because Plaintiffs have failed to exhaust their administrative remedies, the Court has no subject matter jurisdiction over plaintiffs' FTCA claim.

### B.    The *Bivens* Claim

To state a *Bivens* claim against individual defendants, a plaintiff must set forth "specific factual allegations" showing the defendants were "personally involved" in violating his clearly established constitutional rights. *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2nd Cir. 2006).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

United States District Court
For the Northern District of California

Here, the complaint contains no specific factual allegations showing that any of the individual defendants was personally involved in instituting or enforcing the Age 60 Rule.  Plaintiffs generally allege[3] only that the individual Defendants enforced the Age 60 Rule and thereby violated Plaintiffs' constitutional rights. These are precisely the sort of "mere conclusory allegations of unconstitutional conduct by persons acting under color of state law" that courts have repeatedly held are insufficient to properly allege a *Bivens* claim. *See Nuclear Transport & Storage, Inc. v. Unites Staes*, 890 F.2d 1348, 1355 (6th Cir.1989) ("If a mere assertion that a former cabinet officer and two other officials acted to implement, approve, carry out, and otherwise facilitate alleged unlawful polices were sufficient to state a claim, any suit against a federal agency would be turned into a *Bivens* action by adding a claim for damages against the agency head and could needlessly subject him to the burdens of discovery and trial") (internal quotation marks omitted); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 33-34 (D.D.C. 2000) (dismissing *Bivens* claim against CIA director where complaint merely alleged that he promulgated and/or enforced regulations, policies and procedures, the execution of which, violated the plaintiffs' constitutional rights); *Bawa v. United States*, No. C 07-00200 WHA, 2007 WL 1456040, *5 (N.D. Cal. May 17, 2007) (Alsup, J.) (dismissing as vague and conclusory plaintiff's allegations that individual defendant "may have played a substantial role and was in a position to exercise command responsibility in acting with Defendants' agents," and "planned the law enforcement actions complained of herein, targeting plaintiff and others based on his race, ethnicity, ancestral origin, religious belief, political ideology and/or his association with other immigrants")

Accordingly, plaintiffs' *Bivens* claim is dismissed.

**III.    Interference with Prospective Economic Relations**

The sole remaining issue is whether this Court has personal jurisdiction over the individual Defendants with respect to Plaintiffs' allegations of interference with prospective economic relations, as the Court's holding with respect to Plaintiffs' failures to comply with the procedural prerequisites of

---

[3]Apparently recognizing the inadequacy of their pleadings in the initial Complaint, Plaintiffs attached a proposed Amended Complaint to their opposition to the motion to dismiss, which they claim addresses the lack of specificity Defendants complain of with respect to the *Bivens* claim. Plaintiff has not moved to file the amended complaint and therefore it is not properly before this Court, and the Court disregards Plaintiffs' arguments to the extent they are based on the allegations in the amended complaint.

the FTCA bars this claim against the United States. In order to properly allege personal jurisdiction, Plaintiffs must was show that: (1) defendants purposefully availed themselves of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) the claims arise out of defendants' California-related activities; and (3) the exercise of jurisdiction would be reasonable. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). The three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state. *Id.*

As noted above, Plaintiffs' only factual allegations with respect to the individual Defendants is that they enforced the Age 60 Rule on a nationwide basis.  Plaintiffs argue this is sufficient to confer personal jurisdiction over the individual Defendants:

> The notion that FAA officials did not know they were enforcing the age 60 rule against pilots in California is preposterous . . .The facts alleged in the complaint show that the individual defendants engaged in "intentional action" by enforcing the age 60 rule; which was "aimed at the forum state" by targeting all class members in this district and in all 50 states where class members reside); and foreseeably caused" harm "suffered in the forum state" (in this district and in all states).

Opp'n at 13. However, while Plaintiffs may find it "preposterous" that this Court does not automatically have jurisdiction over every federal agency official in the county who participates in implementing nationwide regulations, the mere fact that federal officials enforce federal laws and policies on a nationwide basis is not sufficient in and of itself to confer personal jurisdiction. *See Vu v. Meese*, 755 F. Supp. 1375, 1378 (E.D. La. 1991). This is sound policy; for "[i]f a federal agency head could be sued personally in any district . . . for merely [performing official duties]  . . . the minimum contacts requirement would be rendered meaningless." *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1437, 1487 (E.D. Wis. 1993); *see also Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state.").

Accordingly, Plaintiffs' third cause of action must be dismissed for lack of personal jurisdiction.

## CONCLUSION

Defendants' motion to dismiss [Docket No. 12] is GRANTED. As all of Plaintiff's claim are ultimately premised on a facial challenge to the validity of the Age 60 Rule, which challenged is time-

**United States District Court**
For the Northern District of California

barred, the complaint is dismissed WITH PREJUDICE.

IT IS SO ORDERED.

Dated: 10/31/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

13